**[SUBMITTED WITHOUT ORAL ARGUMENT]**
**No. 16-5063**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

JAMES CRAWFORD
                              Appellant,

v.

JEH JOHNSON, Secretary of the
United States Department of Homeland Security
                              Appellee,

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
District Court Case No. 14-cv-0436

---

**BRIEF FOR APPELLANT JAMES CRAWFORD**

---

Morris E. Fischer, Esq. Bar # 49804
Morris E. Fischer, LLC
1400 Spring Street, Suite 350
Silver Spring, Maryland 20910
Phone: (301) 328-7631
Fax: (301) 328-7638
morris@mfischerlaw.com
Counsel for Appellant.

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES PURSUANT TO RULE 28(a)(1)

Pursuant to D.C. Circuit Rule 28(a)(1), Appellant James Crawford hereby certifies as follows:

**A. Parties and Amici**:

The Appellant is James Crawford, who was the Plaintiff in the District Court. The Appellee is Jay Johnson, Secretary of the Department of Homeland Security, who was the Defendant in the District Court. There was no amicus in the district court. There is not amicus in this Court.

**B. Ruling Under Review:**

The ruling under review is the Order and Memorandum Opinion entered on the February 26, 2016 of the Honorable Judge Ketanji Brown Jackson granting the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment.

**C. Related Cases**:

The case on review is not and has not been before this, or any other court. Counsel is not aware of any related cases currently pending or in any other court within the meaning of D.C. Circuit Rule 28(a)(1)(C).

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................ iii

**STATEMENT OF APPELLATE JURISDICTION** ...............................................1

**STANDARDS OF APPELLATE REVIEW** ................................................... 2

**STATEMENT OF ISSUES PRESENTED FOR REVIEW** ................................3

**STATUTES AND REGULATIONS** ....................................................4

**STATEMENT OF CASE** ..............................................................7

**SUMMARY OF THE ARGUMENT** ....................................................10

**STANDARD OF REVIEW** .............................................................11

**ARGUMENT** ..........................................................................12

   I.   The District Court Was Incorrect In Finding That The Appellant Had Failed

   to Exhaust Administrative Remedies Under Title VII. ........................................12

   II.  The Agency EEO Office Itself Failed to Follow Federal Regulations in

   Dealing With Crawford's Complaint...................................................18

**CONCLUSION**.................................................................22

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                   **Page(s)**

*Alonzo v. Chase Manhattan Bank, N.A*
 25 F.Supp.2d 455, 458 (S.D.N.Y.1998)…………………………………17

Bowden v. U.S.,
106 F.3d 433, 437 (C.A.D.C. 1997)…………………………………………4, 6

Cheek v. W. & S. Life Ins., Co.,
31 F.3d 497, 500 (7th Cir.1994))……………………………………………5

Dick v. Holder,
80 F. Supp. 3d 103 at 114 (D.D.C. 2015)…………………………………..12, 13

*Dixon v. Ashcroft,
392 F.3d 212 (6th Cir., 2004)……………………………………………10, 14,15

*Deravin v. Kerik,
335 F.3d 195 (2nd Cir., 2003)……………………………………………16, 17

Estate of Col–Monge v. Inner Peace Movement,
524 F.3d 1341, 1346 (D.C.Cir. 2008)……………………………………….2, 11

Hamilton v. Geithner,
666 F.3d 1344, 1350 (D.C. Cir. 2012)………………………………………...21

Mangiapane v. Adams,
661 F.2d 1388, 1390 (D.C.Cir.1981)………………………………………17, 20

McCready v.Nicholson,
 465 F.3d 1, 7 (D.C.Cir. 2006)……………………………………………….2, 12

Mokhtar v. Kerry,
 No. 12-1734 (RC), at *20-21 (D.D.C., 2015)………………………………..13, 20

Mondy v. Sec'y of the Army,

845 F.2d 1051, 1057 (D.C.Cir.1988)………………………………………7

*Park v. Howard Univ.*,
71 F.3d 904, 909 (D.C. Cir. 1995)………………………………………5, 12, 13

*Ortiz-Diaz v. U.S. Dep't of Hous. & Urban Dev.*,
961 F.Supp.2d 104, 110 (D.D.C., 2013)…………………………………17, 18,20

*Smith–Haynie v. District of Columbia*,
155 F.3d 575, 579 (D.C.Cir.1998)………………………………………….6

*Smith v. Holder*,
806 F.Supp.2d 59, 62 (D.D.C.2011)………………………………………….6

*Stewart v. Ashcroft*,
352 F.3d 422, 425 (D.C. Cir. 2003) ………………..……………………….4

*Robinson–Reeder v. Am. Council on Educ*
532 F.Supp.2d 6, 12 (D.D.C.2008)………………………………………….4

*Youssef v. Holder*,
Civil Action No. 11-01362 , *1, *9, (D.D.C 2012)……………………………4

*Zipes v. Trans World Airlines, Inc.*,
455 U.S. 385, 393 (1982)………………………………………………….6

**Federal Statutes**

28 U.S.C. § 1291…………………………………………………..1, 4

28 U.S.C. § 1331…………………………………………………..1, 4

*42 U.S.C. [§] 2000e-16[]………………………………1, 4, 6, 7, 12, 17

*29 C.F.R. § 1614.105(c) (2016)……………………………......4, 5, 18,19

29 C.F.R. 1614.106(d)…………………………….....................4, 5, 18,19

**Rules**

Fed. R. Civ. P. 56……………………………………………………….. 3, 9

**Other Authorities**
*U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEO-MD-110, EQUAL
EMPLOYMENT OPPORTUNITY MANAGEMENT DIRECTIVE 110, Ch. 5
(2015)…………………………………………………… 5, 6, 10, 17, 18, 19,

Authorities upon which we chiefly rely are marked with asterisks.

## STATEMENT OF APPELLATE JURISDICTION

This case is based on claims of race discrimination, retaliation, and hostile work environment brought by Plaintiff James Crawford ("Appellant" or "Plaintiff") against his employer Jeh Johnson, Secretary of the Department of Homeland Security ("Appellee" or "Defendant").  The Complaint was filed, *pro se*, in the United States District Court for the District of Columbia on March 18, 2014.  The District Court had subject matter for the complaint pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq. Appellant, James Crawford (Crawford), filed this action under "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. [§] 2000e-16[]."    The District Court granted the motion of Defendant-Appellee for summary judgment.  On March 28, 2016, Appellant timely filed a notice of Appeal from the final order of the District Court granting summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STANDARDS OF APPELLATE REVIEW

This Court reviews summary judgment de novo, applying the same standard of review as that of the District Court.  Estate of Col–Monge v. Inner Peace Movement, 524 F.3d 1341, 1346 (D.C.Cir. 2008).   Summary judgment is appropriate only where there is "no genuine issue as to any material fact" and, viewing the evidence in the light most favorable to the nonmoving party, "the moving party is entitled to a judgment as a matter of law."  McCready v.Nicholson, 465 F.3d 1, 7 (D.C.Cir. 2006).

## **<u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>**

At this juncture, Appellant wishes to raise the following issue in this appeal:

(1) Under the statutory framework prescribed by Fed. R. Civ. P. 56, whether the district court erred by granting Defendant's motion for summary judgment, on the ground that Appellant failed to exhaust his administrative remedies for the alleged instances of discrimination or retaliation described in the complaint.

## STATUTES AND REGULATIONS

Appellant relies on the following statutes and regulations: 28 U.S.C. § 1291

28 U.S.C. § 1331; 42 U.S.C. [§] 2000e-16; 29 C.F.R. § 1614.105(c) (2016).

Title VII of the Civil Rights Act of 1964, 42 U.S.C. [§] 2000e-16 requires

federal employees to exhaust their administrative remedies before filing a civil

action in federal court. *Youssef v. Holder*, Civil Action No. 11-01362 , *1, *9,

(D.D.C 2012); *Robinson–Reeder v. Am. Council on Educ.*, 532 F.Supp.2d 6, 12

(D.D.C.2008). Congress gives the Equal Employment Opportunity Commission

(EEOC) authority to establish procedures for the administrative exhaustion of

discrimination complaints, including a series of time limits for seeking informal

adjustment of complaints. Section 717 of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-16 (1994); *Bowden v. U.S.*, 106 F.3d 433, 437 (C.A.D.C. 1997).   The

procedures include requiring an aggrieved federal employee to initiate contact with

a[n EEO] Counselor within 45 days of the date of the matter alleged to be

discriminatory or, in the case of personnel action, within 45 days of the effective

date of the action." 29 C.F.R. § 1614.105(a)(1). The limitations period begins to

run when the employee "knew, or should have known, about the alleged

discriminatory action." *Stewart v. Ashcroft*, 352 F.3d 422, 425 (D.C. Cir. 2003).

The administrative exhaustion requirement "should not be construed to place a

heavy technical burden on 'individuals untrained in negotiating procedural

4

labyrinths.' " *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.Cir.1995) (quoting Cheek v. W. & S. Life Ins., Co., 31 F.3d 497, 500 (7th Cir.1994)).

Under C.F.R. 1614.106(c) "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint." he agency shall acknowledge receipt of a complaint or an amendment to a complaint in writing and inform the complainant of the date on which the complaint or amendment was filed. Furthermore, "The agency shall advise the complainant in the acknowledgment of the EEOC office and its address where a request for a hearing shall be sent." *Id.* at C.F.R. 1614.106(d). Of significance, the relevant EEOC Management Directive requires that "[i]mmediately upon receipt of a formal complaint of discrimination, the agency shall acknowledge receipt of the complaint in writing." U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEO-MD-110, EQUAL EMPLOYMENT OPPORTUNITY MANAGEMENT DIRECTIVE 110, Ch. 5 (2015). The same management directive also requires that "[w]ithin a reasonable time after receipt of the written EEO Counselor report, the agency should send the complainant a second letter (commonly referred to as an "acceptance" letter), stating the claim(s) asserted and to be investigated," that "[i]f the second letter's statement of the claim(s) asserted and claim(s) for investigation

differs, the letter further shall explain the reasons for the difference, including whether the agency is dismissing a portion of the complaint," and that "[t]he agency shall advise the complainant that s/he may submit a statement to the agency concerning the agency's articulation of the claim, which shall become a part of the complaint file."

Filing within the time limitations period is not a jurisdictional prerequisite to bringing a Title VII suit in federal court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Instead, the time limitation "functions like a statute of limitations, is subject to waiver, estoppel, and equitable tolling are subject to waiver, estoppel, and equitable tolling." Id.; See Smith v. Holder, 806 F.Supp.2d 59, 62 (D.D.C.2011) ("It is well-settled that the statutory time limit for filing a lawsuit under Title VII is subject to waiver, estoppel, and equitable tolling."). Application of equitable tolling is left to the Court's discretion. Smith–Haynie v. District of Columbia, 155 F.3d 575, 579 (D.C.Cir.1998). In Title VII cases, equitable tolling of a statute of limitations is appropriate where a plaintiff "make[s] diligent but technically defective efforts to act within a limitations period," was "misled about the running of a limitations period," or "neither knew nor had reason to know about the limit." Bowden, 106 F.3d at 438. In addition, equitable relief may be extended where the plaintiff has received inadequate notice of the limitations period, where the defendant's misconduct "lulled [her] into inaction, "or

where "the [C]ourt has led the plaintiff to believe she has done everything required of her." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C.Cir.1988).

## STATEMENT OF CASE

Appellant James Crawford (Crawford), filed this action under "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. [§] 2000e-16[]." R. 8, ¶ 5.1.[1] Crawford claimed that the appellee discriminated against him on the basis of race (African-American) and reprisal. Appellant is an African-American male who is currently a Special Security Officer, GS-14 to the Special Security Programs Division (SSPD). R. 3, Motion to Dismiss (MTD) Ex. 1 at 1. On October 21, 2011, the appellant claims he received a performance appraisal with a score of zero out of five. R. 1, Complaint (Complt). at 2. On October 25, 2011, the appellant contacted an EEO counselor. R. 1, Complt. at 1. On November 15, 2011, the appellant received a notice of proposed suspension and on December 9, 2011 the appellee issued a decision to suspend the appellant. R. 3, MTD Exhibits 2-3 (EEO Complaint Attachments, D, F). On February 7, 2012, the appellant filed a formal EEO complaint. R. 3, MTD Exhibit 1. Following the instructions on the official complaint form, Crawford attached to the form a thorough description of the incidents and reasons that had given rise to his complaint. R. 3 MTD Exhibit 1. Not until 140 days later did Crawford receive a reply to his formal complaint from

---

[1] R. followed by a number refers to the document identified at that number in the District Court's Docket.

the Acting Formal Complaints Manager, Oscar Toledo ("Toledo") in an email on June 26, 2012, whose subject line read "James E. Crawford (HQ-00080-2012) - Request for Clarification" and which requested further details from Crawford. R. 8, MTD Exhibit 2 at 4. This email did not say that it was an acceptance letter, and the only additional information it asked for was the dates of three certain incidents. It did, however, threaten to dismiss Crawford's complaint if he did not reply to that single question about the dates of those three incidents within fifteen days of receipt of the email. The email did not ask Crawford whether the email had characterized his claims correctly. It also did not inform Crawford that he had the opportunity to advise Toledo that he had more claims, and it also did not provide Crawford the opportunity to amend his complaint in any way. DHS then dismissed Crawford's EEO complaint, which dismissal it upheld on administrative appeal. Crawford then filed this suit in the District Court. R. 1, Complt.

On June 2, 2014, DHS filed a motion to dismiss concerning eight out of the eleven claims in the Complaint. R. 3, MTD. On February 9, 2015, the Court dismissed eight out of eleven claims as conceded. R. 5, Memorandum Opinion and Order. That left three claims: (1) appellant's 2011 performance rating, (2) an unidentified individual promotion to a supervisory position over appellant, and (3) a five-day suspension that appellant served in December of 2011. R.1, Complt. at 2.

Crawford had proceeded *pro se* until March 5, 2015, when for the first time, appellant obtained legal counsel.  R. 7.  On April 2, 2015, appellee filed a motion to dismiss or, in the alternative, for summary judgment concerning the remaining three claims in the Complaint R. 8.  After full briefing by the parties, the District Court dismissed this action pursuant to Rule 56.  The District Court held that it was not enough for Crawford to have described the incidents in detail in the document he attached to his formal EEO complaint, reasoning that that would not have been enough to put the agency on notice and give it a chance to investigate.  As such, the District Court held that Crawford had not exhausted all available administrative remedies.  R. 15 at 12-15.

Appellant filed his notice of appeal on March 28, 2016.  Document number ("#") 1606605.   On May 31, 2016, Appellee filed a motion for summary affirmance of the Memorandum Opinion and Order of the U.S. District Court's order granting the motion to dismiss, or in the alternative, for Summary Judgment. Document #1615484. Appellant filed his opposition to the motion for summary affirmance on July 5, 2016 and Appellee filed a reply on August 4, 2016. Document numbers 1623053 & 1628699.  In order dated September 16, 2016, this Court denied the motion.  *See* Document #1636203.

## SUMMARY OF THE ARGUMENT

Relevant case law finds that attachments to formal EEO complaints of discrimination should be included within the actual charges of discrimination. For instance, in *Dixon v. Ashcroft*, 392 F.3d 212 (6th Cir., 2004), the Sixth Circuit found that the factual claims the Plaintiff made in the statement that he wrote out and attached to the official form were sufficient to "put the EEOC on notice of his retaliation claim." Similarly, here, although Appellant may not have checked all the right boxes on the official EEO form, he included with it an attached document in which he spelled out in detail the incidents that gave rise to his complaints. That was enough to trigger an investigation into those claims and to put the agency EEO office and DHS on notice. Moreover, there was no formal acceptance letter, only an informal email from the investigator requesting more details, specifically the dates, about three of Crawford's allegations. R. 8, MTD Exhibit 2 at 4. There was nothing in that email to suggest to Crawford that the allegations included in the email would be the only ones that would be investigated.

Furthermore, the Agency did not follow its own regulations in responding to and investigating Crawford's complaint of discrimination. Specifically, the U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEO-MD-110, EQUAL EMPLOYMENT OPPORTUNITY MANAGEMENT DIRECTIVE 110, Ch. 5 (2015 requires that "[w]ithin a reasonable time after receipt of the written EEO

10

Counselor report, the agency should send the complainant a second letter (commonly referred to as an "acceptance" letter), stating the claim(s) asserted and to be investigated," that "[i]f the second letter's statement of the claim(s) asserted and claim(s) for investigation differs, the letter further shall explain the reasons for the difference, including whether the agency is dismissing a portion of the complaint," and that "[t]he agency shall advise the complainant that s/he may submit a statement to the agency concerning the agency's articulation of the claim, which shall become a part of the complaint file." Id. The agency EEO office here did none of those things. It only acknowledged receipt of the formal complaint by email 140 days after it was filed, hardly immediately. It also never sent a second letter. As such, because the relevant case law dictates that Crawford's attachments be part of his formal complaint and he never received sufficient notice that his complaint did not include certain claims, the Court should reverse the District Court's judgment.

## STANDARD OF REVIEW

This Court reviews summary judgment de novo, applying the same standard of review as that of the District Court. *Estate of Col–Monge v. Inner Peace Movement*, 524 F.3d 1341, 1346 (D.C.Cir. 2008). Summary judgment is appropriate only where there is "no genuine issue as to any material fact" and, viewing the evidence in the light most favorable to the nonmoving party, "the

moving party is entitled to a judgment as a matter of law." *McCready v.Nicholson*, 465 F.3d 1, 7 (D.C.Cir. 2006).

## ARGUMENT

### I.    The District Court Was Incorrect In Finding That The Appellant Had Failed to Exhaust Administrative Remedies Under Title VII.

The District Court found that Crawford failed to exhaust his administrative remedies by not including all his complaints in his formal complaint and the attachment of exhibits was insufficient to exhaust his administrative remedies with respect to the alleged instances of discrimination or retaliation.  See R. at 15. Appellee argued similarly, in its motion for summary affirmance that Crawford failed to exhaust his administrative remedies by not including all his complaints in his formal complaint. Document #1615484. In addition, it contended that the document Crawford attached to his formal complaint, in which he laid out his complaints and the incidents that gave rise to them in great and lengthy detail, was not sufficient for that purpose.  *Id.*  Appellee relied upon  *Park v. Howard Univ.,* 71 F.3d 904, 909 (D.C. Cir. 1995), and to *Dick v. Holder*, 80 F. Supp. 3d 103 at 114 (D.D.C. 2015) for the proposition that "[w]hen the formal EEO charge neither explicitly incorporates a claim nor makes any mention of the discrete additional claim(s), the agency cannot be said to have acted unreasonably in failing to identify the claims as part of the formal EEO complaint."

Both cases, however, are inapposite.  In *Park*, the issue was that the charges, instead of being attached to the EEOC complaint, were in a pre-complaint questionnaire that was not sworn and which was submitted not to the EEOC, but to the District of Columbia Department of Human Rights.  71 F.3d at 909.  Because there was no reason to think that either the EEOC or Howard University ever saw the questionnaire, it "could not have fulfilled the purpose of the required administrative charge."  *Id.*  Here, Crawford submitted his attachments directly with his formal complaint, in accordance with the instructions on the official complaint form, and there is no dispute that the EEO saw it and had every chance to investigate the charges therein.

In *Dick*, there was, first, some dispute about whether the complainant had actually included or attached the additional materials in question to his formal EEO complaint.  80 F. Supp. 3d at 112-13.  Here, there is no question that Crawford appended the additional materials to his formal EEO complaint.  Second, the district court itself distinguished *Dick* and gave the opposite result in *Mokhtar v. Kerry*, No. 12-1734 (RC), at *20-21 (D.D.C., 2015).  In that case, as here, there was no question that the additional charges had been included, and there was no justification for why the agency did not include those charges in its acceptance letter.  *Id.*  Here, there was no formal acceptance letter, only an informal email from Toledo requesting more details, specifically the dates, about three of

Crawford's allegations.  R. 8, MTD Exhibit 2 at 4.  There was nothing in that email to suggest to Crawford that the allegations included in the email would be the only ones that would be investigated.  Moreover, the agency could have apprised Crawford in the email that the attachment was not part of the formal complaint.  As such, Crawford had every right to assume that the attachment would be part of the formal complaint.

The most relevant case, however, is *Dixon v. Ashcroft*, 392 F.3d 212 (6th Cir., 2004).  The facts there were materially the same as here: Dixon, who had been employed by the Federal Bureau of Investigation ("FBI"), representing himself pro se, filed a formal EEO Complaint in two parts: "1) the 'Complaint of Discrimination,' the form provided by the EEOC that Dixon was required to fill out; and 2) a statement that Dixon wrote and attached thereto, describing what he believed to be the bases of the FBI's alleged discrimination . . . ." *Id.* at 216.  On the first part, the EEOC form, Dixon only checked the box for race.  *Id.*  When Dixon eventually sued for retaliation, The FBI moved to dismiss on the grounds that Dixon, having checked only the box for race and not for retaliation, had failed to exhaust his administrative remedies, and the district court granted the motion. *Id.*

On appeal, however, the Sixth Circuit reversed, reasoning that since the purpose of the exhaustion requirement is to "to trigger an investigation, [thereby]

14

giv[ing] notice to the alleged wrongdoer of its potential liability and enabl[ing] the

EEOC to initiate conciliation procedures in an attempt to avoid litigation," the key

issue was whether Dixon had alleged sufficient facts in his attached statement to

put the EEOC and the FBI on notice of a possible retaliation claim.  *Id.* at 217

(internal citations omitted).  The Sixth Circuit then found that the factual claims

Dixon made in the statement that he wrote out and attached to the official form

were sufficient to "put the EEOC on notice of his retaliation claim."  *Id.* at 218.

The Sixth Circuit also gave weight to the fact that Dixon was without counsel at

the time he filed his EEO Complaint, and that it would be excessively formalistic

to insist that a lay complainant follow every procedural requirement exactly.  *Id.* at

219.

     The facts here are materially identical.  Crawford, representing himself,

included with his formal EEO Complaint a detailed description of the incidents

giving rise to all his claims.  Although he may not have checked all the right boxes

on the official form, he included with it an attached document in which he spelled

out in detail the incidents that gave rise to his complaints.  That was enough to

trigger an investigation into those claims and to put the agency EEO office and

DHS on notice.  It should be noted that the instructions on the official complaint

form itself instructed that the complainant "may, but [is] not required, to attach

extra sheets."  R. 3 MTD Ex. 1 at 2.  Nowhere do those instructions tell that the

extra sheets will not be part of the formal complaint. Now appellee insists that

those attached sheets are not part of the formal complaint.

The Second Circuit followed similar reasoning in *Deravin v. Kerik*, 335 F.3d

195 (2nd Cir., 2003). There, Deravin, an employee of the New York City

Department of Corrections, brought an EEOC claim in which he checked the boxes

on the official form for "retaliation" and "national origin," but not "race." *Id.* at

199. When he later sued alleging discrimination on race, the district court

dismissed on the grounds that he had failed to exhaust his administrative remedies

by not checking the box for race on the EEOC complaint form. The Second

Circuit reversed, however, reasoning that the written description of the incidents at

issue in Deravin's EEOC complaint could have given rise to a claim of

discrimination on either national-origin or racial grounds. *Id.* The Second Circuit

further reasoned that because the line between race and national origin is a fuzzy

one, it was enough that the specific facts alleged by Deravin would have given the

EEOC and the Department of Corrections sufficient notice to investigate both,

even though Deravin had only checked one box. *Id.* at 202. The Second Circuit

also gave weight to the fact that Deravin had been representing himself *pro se* in a

civil rights complaint. *Id.* at 200.

Here, likewise, Crawford was representing himself in a civil rights

complaint, and while he may not have included the specific instances on the EEO

complaint form, he described them in the attached documentation in detail more than ample enough to give notice to DHS.  It should be "the substance of the charge and not its label that controls."  *Id.* at 201 (quoting *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F.Supp.2d 455, 458 (S.D.N.Y.1998)).

The D.C. District Court itself followed *Deravin* in *Ortiz-Diaz v. U.S. Dep't of Hous. & Urban Dev.*, 961 F.Supp.2d 104, 110 (D.D.C., 2013).  There, Ortiz-Diaz, a former employee of the Department of Housing and Urban Development ("HUD") filed an EEOC complaint alleging racial discrimination against him as a Hispanic and national-origin discrimination against him as a Puerto Rican.  The EEOC, however, considered both to be national origins and so only investigated national-origin discrimination and, when Ortiz-Diaz sued for both, moved to dismiss the racial discrimination claim for failure to exhaust.  *Id.* at 110-11.  The district court, however, following *Deravin*, concluded that HUD and the EEOC had sufficient notice to investigate both.  *Ortiz-Diaz* at 110-11.  The court further held that "Title VII complainants are deemed to have exhausted their administrative remedies with respect to new allegations that they unsuccessfully attempted to introduce at the administrative level."  *Id.* at 111 (citing *Mangiapane v. Adams*, 661 F.2d 1388, 1390 (D.C.Cir.1981)).  The court did dismiss Ortiz-Diaz' retaliation claim for failure to exhaust, but that was because there was nothing at

all in anything that Ortiz-Diaz submitted to the EEOC to suggest a retaliation claim.  *Id.* at 112.

Here, Crawford certainly attempted to introduce all his allegations at the administrative level, even if his written submission detailing the relevant incidents was ignored.  He gave ample notice and opportunity to investigate, however, and that should be enough.

## II.   The Agency EEO Office Itself Failed to Follow Federal Regulations in Dealing With Crawford's Complaint

The agency moved to dismiss on the grounds that Crawford failed to exhaust his administrative remedies, but it was the agency that failed to follow the proper administrative procedures.   Under 29 C.F.R. § 1614.105(c) (2016), "[w]hen advised that a complaint has been filed by an aggrieved person, the [EEO] Counselor shall submit a written report within 15 days to . . . the aggrieved person concerning the issues discussed and actions taken during counseling."   In Oscar Toledo's email to Crawford, however, Toledo acknowledges that Crawford's complaint was filed on February 7, 2012, but Toledo's email itself was not sent until June 26 of that same year.  R. 8, MTD Ex. 2 at 2-3.  That email, which was the first and only reply Crawford received to his formal administrative complaint, came precisely 140 days after Crawford's formal complaint was filed, and 125 days after the deadline required by 29 C.F.R. § 1614.105(c) (2016).

That same regulation also requires that "[c]ounselors shall conduct counseling activities in accordance with instructions contained in [Equal Employment Opportunity] Commission Management Directives." *Id.* The relevant EEOC Management Directive requires that "[i]mmediately upon receipt of a formal complaint of discrimination, the agency shall acknowledge receipt of the complaint in writing." U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEO-MD-110, EQUAL EMPLOYMENT OPPORTUNITY MANAGEMENT DIRECTIVE 110, Ch. 5 (2015). The same management directive also requires that "[w]ithin a reasonable time after receipt of the written EEO Counselor report, the agency should send the complainant a second letter (commonly referred to as an "acceptance" letter), stating the claim(s) asserted and to be investigated," that "[i]f the second letter's statement of the claim(s) asserted and claim(s) for investigation differs, the letter further shall explain the reasons for the difference, including whether the agency is dismissing a portion of the complaint," and that "[t]he agency shall advise the complainant that s/he may submit a statement to the agency concerning the agency's articulation of the claim, which shall become a part of the complaint file." *Id.*

The agency EEO office here did none of those things. It only acknowledged receipt of the formal complaint by email 140 days after it was filed, hardly immediately. It also never sent a second letter. The one email it did send, again

only 140 days later, not a reasonable amount of time, did not explain the reasons for the differences between the claims that Crawford had asserted and the claims for investigation, and it did not advise Crawford that he could submit a statement to the agency EEO office concerning its articulation of his claims. It should be noted that the author of that email, Oscar Toledo, is not, to the best of Crawford's knowledge and belief, an attorney; his opinion to Crawford, also not an attorney, on what claims might arise from the facts that Crawford reported to him, should not be binding or authoritative.

The agency here contends that Crawford should not be able to seek redress in court because he did not exhaust his administrative remedies, but the agency EEO office itself violated its regulations and its own management directives that those regulations required it to follow. The agency claims that it had no notice of the complaints that Crawford detailed in the document he attached to his formal complaint, and that therefore, Crawford failed to exhaust his administrative remedies, but surely in 140 days, they could have read Crawford's attached document. The agency wishes to blame Crawford for not amending his formal complaint in response to Toledo's email, but the agency may not require the complainant to respond to the acceptance letter; the onus is on the agency to read the complaint. *See Mangiapane* at 1390; *Ortiz-Diaz* at 111; *Mokhtar* at *18.

20

The agency cites *Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012) for the proposition that Crawford was obligated to amend his complaint. In that case, however, there was no mention at all in Hamilton's complaint of the claim at issue; rather Hamilton contended that he had exhausted that claim by raising it at an EEO counseling session. *Id.* Here, Crawford did raise his claim in the documents attached to the complaint, which, again, the agency had ample time to read. Furthermore, in Hamilton, the EEO letter specifically asked Hamilton "If you disagree with the claim, please notify me in writing within 15 days of the date of the letter . . . . If no response is received, I will assume that you agree with the claim(s) and will proceed with the investigation of the complaint." *Id.* (Internal quotation marks omitted). Here, Toledo's email only asked Crawford for clarification about the dates of certain incidents. It did not ask him to confirm that those were the only claims he was making. R. 8, MTD Ex. 2 at 4.

The EEO office waited 140 days after Crawford filed his formal complaint, with which he included as part and parcel thereof a detailed description of the incidents which had given rise to his complaints. Despite taking far longer than the time allotted by its own regulations and management directives to respond to that complaint, the EEO office and DHS now claim that they had no notice of anything in the document attached to Crawford's complaint. They should not be allowed to shift the burden to the complainant in this way.

21

## **CONCLUSION**

For the foregoing reasons, the District Court's ruling was incorrect and the judgment should be reversed.

\_\_\_\_*/s*_____
MORRIS FISCHER
Attorney for James Crawford

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32, I certify that the foregoing Brief filed on Wednesday December 21, 2016 complies with Rule 32 because it has been prepared in a proportionally spaced typeface, using Microsoft Word's 14-point Times New Roman fond, and contains 5,485 words.

Dated: December 21, 2016             Respectfully submitted,


_/s/ *Morris E. Fischer*_____
Morris E. Fischer Bar # 49804
Morris E. Fischer, LLC
1400 Spring Street, Suite 350
Silver Spring, MD 20910
(301) 328-7631 (telephone)
(301) 328-7638 (facsimile)

23

## CERTIFICATE OF SERVICE

I, Morris E. Fischer, hereby certify that, on December 21, 2016, I electronically filed the foregoing APPELLANT'S Brief using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

BENTON G. PETERSON
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2534.

                                        __/s/ *Morris E. Fischer*_____
                                        Morris E. Fischer Bar # 49804
                                        Morris E. Fischer, LLC
                                        1400 Spring Street, Suite 350
                                        Silver Spring, MD 20910
                                        (301) 328-7631 (telephone)
                                        (301) 328-7638 (facsimile)
                                        morris@mfischerlaw.com